**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Betty Kiser,                                                  File No.:   11cv2701 (DWF/SER)

       Plaintiff,

v.

                                               **REPORT AND**
Michael J. Astrue,                                           **RECOMMENDATION**

       Defendant.

Plaintiff commenced this action by filing a complaint and an application for leave to proceed *in forma pauperis*, ("IFP").   [Doc. Nos. 1 and 2].   The Court examined Plaintiff's IFP application, and determined that it did not demonstrate adequately that she is indigent and unable to pay the statutory filing fee.   The IFP application was therefore denied.   (*See* Order dated September 23, 2011; [Doc. No. 3].)

The order denying the IFP application informed Plaintiff that she could still maintain this action, as a Non-IFP litigant, if the statutory filing fee was paid within 20 days.   Plaintiff was advised that if she did not pay the full filing fee within the prescribed time, the Court would recommend dimissal, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

Plaintiff did not pay her filing fee within the prescribed period, and the Court then ordered her to show cause why the action should not be s dismissed summarily pursuant to the Court's prior order.   (*See* Order to Show Cause dated February 9, 2012; [Doc. No. 5].)   The Order to Show Cause required a response on or before February 20, 2012, and advised, again, that the case would be subject to dismissal if she failed to respond in a timely manner.

The deadline for responding to the Order to Show Cause has now passed, and Plaintiff

has not communicated with the Court or submitted a response.[1]   Therefore, in accordance with

both of the Court's two prior orders in this case, this Court recommends that Plaintiff be deemed

to have abandoned this action, and that it be dismissed without prejudice pursuant to Fed. R. Civ.

P. 41(b).   *See Henderson v. Renaissance Grand Hotel*, 267 Fed.Appx. 496, 497 (8th Cir. 2008)

(unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for

a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any

court order"); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (recognizing

that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the

orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: March 19, 2012

s/Steven E. Rau
Steven E. Rau
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 2, 2012** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.

---

[1]   The complete lack of any response to the Court's Order to Show Cause does not speak well for the professionalism of Plaintiff's counsel.